UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-61800-CIV-BLOOM/VALLE

**KEITH DESMOND PORTER**,

     Plaintiff,

v.

**MATTHEW PORTERFIELD**, *et al.*,

     Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Defendants' Motion to Dismiss, ECF Nos. [31], [33], seeking to dismiss Plaintiff's Amended Complaint, ECF No. [15], for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**I.     Introduction**

Plaintiff filed the instant lawsuit against Defendants, stating thirty-five counts, after he was pulled over while traveling east on Broward Boulevard in Fort Lauderdale, Florida, on or about July 11, 2013. Plaintiff alleges he was pulled over by a police car, though not having committed any traffic infraction, approached by Defendants Baldwin and Porterfield, and asked for his driver's license. Telling them he did not have one, Plaintiff alleges Defendant Porterfield told him to exit his vehicle, and when Plaintiff questioned why, Defendant Porterfield broke into his vehicle, without his permission, with his hand on his gun. Plaintiff alleges Defendant Porterfield "assaulted" and "battered" him "by cuffing [him] without his consent," and called him a "sovereign citizen" and a "nationalist." ECF No. [15] at 4.

Plaintiff alleges that after he was handcuffed, Defendant Porterfield placed his hands in his pockets, despite Plaintiff's protests, and emptied them. At that time, Plaintiff alleges

Defendant Baldwin entered his vehicle from the passenger's side, opened his glove box despite Plaintiff's objections, and emptied it.  Plaintiff alleges that Defendant Baldwin searched his trunk and went through his wallet.  Plaintiff also alleges that at one point, Defendant Porterfield "pointed at the Bill of Rights sitting on the dashboard and said 'this is why I pulled him over[,] he is one of those sovereign citizen[s].'"  ECF No. [15] at 5.

Plaintiff alleges that he was left in the hot sun for thirty minutes, and afterwards, he was "kidnapped by an unknown officer and taken to the back of the Fort Lauderdale Public Servant Department."  *Id.*  While there, Plaintiff alleges he was required to remove his clothing in public, was assaulted and battered by other unknown officers, locked in a cold cell for an hour and a half without food, water, or a phone call.  After that time passed, Plaintiff alleges he was "kidnapped by another unknown officer and taken to the Broward County Jail."  *Id.*  While there, he alleges he was again battered by another unknown officer, and again placed in a cold cell without food, water, or a phone call.  Plaintiff also alleges that he "suffered more assault[,] . . . battery, [and] theft at the hands of unknown officers and nurses."  *Id.*  Finally, Plaintiff alleges that "[o]n August 12, 2014[,] Judge Pole violated [his] clearly established Constitutional rights by denying [him] a trial by jury."  *Id.*

**II.     Legal Standard**

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. See *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). While the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.") (internal quotation marks omitted).

A defendant may also "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must . . . point out the defects complained of and the details desired." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 983 n.70 (11th Cir. 2008) (quoting Fed. R. Civ. P. 12(e)) (alterations in original). *Pro se* litigants are afforded a relaxed pleading standard. *See Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005).

### III. Discussion

#### a. Defendants Judge Pole and Judge Brown

Defendants Pole and Brown assert that dismissal is warranted because they are protected by absolute judicial immunity. *See* ECF No. [31] at 4. "Judges are entitled to absolute judicial immunity from damages for those acts taken when they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotations and citations omitted). Overcoming this immunity requires two showings: (1) that the judge did not deal with the plaintiff in a judicial capacity, and (2) that the judge acted in the "clear absence of all jurisdiction." *Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir. 1985) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)).

Here, Plaintiff does not allege any facts with respect to Judge Brown. As for Judge Pole, Plaintiff's only allegation is that "[o]n August, 12, 2014[,] Judge Pole violated my clearly established Constitutional rights by denying me a trial by jury." ECF No. [15] at 5. Plaintiff has not shown that Judge Pole and Judge Brown did not deal with Plaintiff in a judicial capacity and, thus, has failed to overcome the absolute judicial immunity afforded to these Defendants. All claims against Defendants Judge Pole and Judge Brown are accordingly dismissed.

#### b. Defendant Satz

Defendant Satz asserts that dismissal is warranted because he, as State Attorney, is also protected by absolute immunity. *See* ECF No. [31] at 4 (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)). The Court agrees. Plaintiff does not allege any facts with respect to Defendant Satz to "cast him in the role of an administrator or investigative officer rather than an advocate." *Imbler*, 424 U.S. at 430-31. *See also Spence-Jones v. Rundle*, 991 F. Supp. 3d 1221, 1233-36 (S.D. Fla.

2013) (discussing instances when qualified immunity, not absolute immunity, applies to prosecutors).  All claims against Defendant Satz are accordingly dismissed.

### c. Defendants Porterfield and Baldwin

Defendants Porterfield and Baldwin assert that dismissal is warranted on two grounds.  First, Defendants Porterfield and Baldwin argue that Plaintiff's Amended Complaint, "a thirty-five (35) count, twenty-eight (28) page, and one hundred and fifty-one (151) paragraph complaint," ECF No. [33] at 3, constitutes a "shotgun pleading," *id.* at 4 (citing *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998)), because the pleading is "devoid of any clear recitation of operative facts and elements in support of each purposed claim attempted to be asserted against [Defendants] Porterfield and Baldwin," and is "riddled with inapplicable and non-viable causes of action, most of which are seemingly criminal in nature."  *Id.* at 5.  The Court agrees with respect to all claims except for Plaintiff's claim under 42 U.S.C. § 1983 and for state law assault, battery, conversion, and false imprisonment because the factual allegations of the Amended Complaint, taken as true, do contain operative facts and elements in support of those claims. *Compare* ECF No. [15] at 4-5 *with id.* at 10-11, 16; *and id.* at 11-15, 17-26.  On this basis, all claims against Defendants Porterfield and Baldwin are dismissed, except for 42 U.S.C. § 1983 and for assault, battery, conversion, and false imprisonment.

The remaining claims, however, are still subject to Defendants Porterfield and Baldwin's second argument—that under Florida law, Plaintiff's state law claims are immune from suit because Plaintiff has not alleged that Defendants Porterfield and Baldwin "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."  ECF No. [33] (citing Fla. Stat. § 768.28(9)(a); *Fernander v. Bonis*, 947 So.

2d 584, 589 (Fla. 4th DCA 2007)).  The Court agrees.  Though Plaintiff does allege that his car was "assaulted and battered . . . by cuffing [him] without . . . consent," and searched without a warrant and over his objection, ECF No. [15] at 4-5, Plaintiff has not alleged sufficient facts to show a "wanton and willful disregard" of his rights, safety, or property, nor has he alleged that Defendants Porterfield and Baldwin acted with malice or in bad faith.  On this basis, the state law claims of assault, battery, conversion, and false imprisonment against Defendants Porterfield and Baldwin are dismissed, and the only remaining claim against Defendants Porterfield and Baldwin is Plaintiff's claim under 42 U.S.C. § 1983.

      d.  **Defendant State of Florida**

Defendant State of Florida asserts that it is protected by sovereign immunity, or in the alternative, by Eleventh Amendment immunity.  *See* ECF No. [31] at 4-5 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 73 (1989); *Gamble v. Fla. Dep't of Health & Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986)).  Though the State of Florida has waived sovereign immunity for the tortious acts of its employees, based on a theory of vicarious liability, *see* Fla. Stat. § 768.28, Plaintiff must show liability on the part of the employee.  *See Laster v. City of Tampa Police Dep't*, 575 F. App'x 869, 872 (11th Cir. 2014) (citing *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1500-01 (11th Cir. 1990)).  Plaintiff has not alleged in his Amended Complaint on what basis Plaintiff is suing Defendant State of Florida—be it directly or through the actions of the other named defendants.  Though, because all claims against the other named Defendants have been dismissed, except for Plaintiff's claim under 42 U.S.C. § 1983 against Defendants Porterfield and Baldwin. The Court finds that all claims against Defendant State of Florida must be dismissed as pled. Plaintiff has not alleged liability on the part of the employees, and a Section 1983 claim cannot be asserted against the State of Florida.  *Will*, 491

U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

### IV. Conclusion

For these reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants State of Florida, Brown, Satz, and Pole's Motion to Dismiss, **ECF No. [31]**, is **GRANTED**;

2. All claims against Defendants Brown, Satz, Pole, and State of Florida are **DISMISSED WITH PREJUDICE**;

3. Defendants Porterfield and Baldwin's Motion to Dismiss, **ECF No. [33]**, is **GRANTED IN PART** and **DENIED IN PART**;

4. All claims against Defendants Porterfield and Baldwin, with the exception of Plaintiff's claim under 42 U.S.C. § 1983, are **DISMISSED WITHOUT PREJUDICE**;

5. Plaintiff may file an amended complaint against Defendants Porterfield and Baldwin **on or before February 24, 2015**. If Plaintiff elects to file an amended complaint, Plaintiff shall state each cause of action and clearly provide the allegations supporting each, under separate headings. If Plaintiff does not file an amended complaint **on or before February 24, 2015**, this case will proceed with Plaintiff's claim under 42 U.S.C. § 1983 only.

6. Defendants Porterfield and Baldwin shall file an answer, either to Plaintiff's claim under 42 U.S.C. § 1983 as alleged in the Amended Complaint, ECF No. [15], or to any timely-filed second amended complaint, **on or before March 17, 2015**.

CASE NO. 14-61800-CIV-BLOOM/VALLE

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 11th day of February, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record