UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-61800-CIV-BLOOM/VALLE

**KEITH DESMOND PORTER**,

    Plaintiff,
v.

**MATTHEW PORTERFIELD**, and
**JENNIFER BALDWIN**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss, ECF No. [50], Plaintiff's Amended Complaint, ECF No. [48]. The Court is fully advised after careful review of the Motion, the parties' briefs, the record, and the applicable law.

### I.    Background

Plaintiff filed an Amended Complaint on February 23, 2015, pursuing an action under 42 U.S.C. § 1983, alleging violations of "rights guaranteed him under the Fourth, Fifth, Seventh, Ninth, Thirteenth, and Fourteenth Amendments to the United States Constitution." ECF No. [48] at 1. Plaintiff alleges that "[o]n or about July 11, 2013 at about 10:30 am, [Plaintiff] was lawfully traveling in his private automobile heading east on Broward Blvd. Defendants . . . activated the emergency light on their car and pulled [Plaintiff] over." *Id.* at 2. Plaintiff asserts Defendants "had no probable cause to believe that [Plaintiff] had committed a criminal act and no arrest warrant had been issued." *Id.*

Plaintiff alleges that Defendant Porterfield asked him for his driver's license, Plaintiff contested the requirement, and told Defendant Porterfield that he did not have a Florida driver's license. Plaintiff alleges that Defendant Porterfield then ordered him to get out of his vehicle,

and when Plaintiff asked why, Defendant Porterfield "placed his hand on his gun[,] opened the door to [his] private automobile and ordered [him] out." *Id.* "Fearing for his life," he then exited the vehicle "under threat and duress of physical harm." *Id.*

Plaintiff alleges Defendants then arrested him "without any probable cause[,] without any warrant[,] and in violation of [his] Constitution[al] rights." *Id.* After the arrest, Plaintiff alleges further constitutional violations occurred when Defendants searched his pockets, wallet, and the interior and trunk of his car without a warrant, probable cause or his consent. Plaintiff also asserts that the transportation to and detention at the Fort Lauderdale Police Station, the Broward County Jail, and the Pompano Jail, without probable cause and without an arrest warrant constituted violations of the Fourth and Fourteenth Amendments because they were "unreasonable and without due process of law." *Id.* at 3.

Plaintiff further alleges that the "seizure and conversion" of his vehicle "without probable cause[,] without a warrant and turning it over to a third party constituted a taking." *Id.* He also alleges that Defendant Baldwin "removed [his] private plate from [his] private automobile which private not for hire KDOTFP." *Id.* While in custody, Plaintiff alleges further violations occurred, including: denial to access to a telephone to call an attorney, failure to give *Miranda* warnings, being "stripped naked and placed in a cold cell on a plastic mat on the floor with a turtle suit," and "no provision of food." *Id.* Plaintiff seeks to have his conviction for "DWLS and EXPIRED D/L" overturned, "DMV notation on file (no stop)," compensatory damages, and punitive damages. *Id.* at 4.

## II.   Legal Standard

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does

2

not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. See *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). While the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.") (internal quotation marks omitted). *Pro se* litigants are afforded a relaxed pleading standard. See *Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005).

**III.     Discussion**

Defendants raise two arguments in support of dismissing Plaintiff's Amended Complaint.[1] First, Defendants argue that Plaintiff's claims are barred because he "was convicted and sentenced of the charges for which he was arrested, and seeks to overturn his conviction through this civil action." ECF No. [50] at 2 (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1993)). Second, Defendants argue that even if they are not barred, Plaintiff fails to state any claim under the Fifth, Sixth, Seventh, Eighth, Ninth, Thirteenth, and Fourteenth Amendments. *See id.* at 4. Read liberally, Plaintiff's arguments amount to a constitutional challenge to Florida law requiring a license to drive a motor vehicle. *See, e.g.*, ECF No. [57] at 21 ("Since the state requires that one give up Rights in order to exercise the privilege of driving, the regulation cannot stand under the police power, due process, or regulation, but must be exposed as a statute which is oppressive and one which has been misapplied to deprive the Citizen of Rights guaranteed by the United States Constitution and the state constitutions.").

   **a.  Plaintiff's claims in light of *Heck v. Humphrey***

"[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. However, "as long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not *Heck*-barred." *Dyer v. Lee*, 488 F.3d 876, 879-80 (11th Cir. 2007).

In light of *Heck*, to the extent that Plaintiff's claims seek an invalidation of his criminal conviction, they are indeed barred, as Plaintiff has not demonstrated that the conviction has been invalidated. However, Defendants' *Heck* argument does not merit dismissal of the entirety of

---

[1] Defendants have not asserted any entitlement to qualified immunity at this stage.

4

Plaintiff's Amended Complaint because "even following a successful § 1983 suit, there would still exist a construction of the facts that would allow the underlying conviction to stand," *id.*, as Plaintiff's Amended Complaint indicates that he admitted to the officer that he was driving without a license. *See* ECF No. [48] at 2 (Plaintiff "told Porterfield that he did not have a Florida driver's license.").

This is the case even if, taking Plaintiff's allegations as true, he was lawfully operating his vehicle when Defendants conducted the traffic stop as Defendants lacked probable cause—which, perhaps, could have given Plaintiff an argument in the state court proceeding that everything that occurred after the traffic stop should have been suppressed. This does not *necessarily* imply the invalidity of his conviction. *See Datz v. Kilgore*, 51 F.3d 252, 253 n.1 (11th Cir. 1995) (*Heck* inapplicable where state court conviction "might still be valid considering such doctrines as inevitable discovery, independent source, and harmless error"). *See also Pritchett v. Farr*, 592 F. App'x 816, 818 (11th Cir. 2014) ("the exception to *Heck*'s bar turns on whether a judgment for [Plaintiff] in this § 1983 suit would necessarily imply the invalidity of his state court convictions, not on whether the search of his house could 'be considered appropriate.'") (citing *Heck*, 512 U.S. at 487, n.7). Thus, *Heck* requires dismissal only of Plaintiff's attempt to vacate his conviction and relief related to his "DMV notation on file (no stop)," ECF No. [48] at 4, and any claim of malicious prosecution that could be construed from the Amended Complaint. *See Heck*, 512 U.S. at 484 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

### b. The Sufficiency of Plaintiff's Amended Complaint

A liberal reading of Plaintiff's Amended Complaint provides an assertion of the following claims under 42 U.S.C. § 1983: (1) the initial stop of his vehicle while he was traveling lawfully, (2) his arrest, (3) the search of his pockets, wallet, and vehicle, (4) his post-arrest detention, (5) the "taking" of his vehicle, (6) his continued detention after his arrest, (7) denials to have access to a phone to call an attorney while in custody, and (8) his treatment while in confinement. The Court will now turn to the sufficiency of these claims in Plaintiff's Amended Complaint.

#### i. The initial stop of Plaintiff's vehicle

"It is well-settled law that if a police officer pulls over a motorist without reasonable suspicion to do so, that action violates the Fourth Amendment." *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 947 (9th Cir. 2003). "The Supreme Court has instructed that an officer may conduct a brief, warrantless, investigatory stop of an individual when the officer has a reasonable, articulable suspicion that criminal activity is afoot, without violating the Fourth Amendment." *United States v. Hunter*, 291 F.3d 1302, 1305-06 (11th Cir. 2002) (citing *Terry v. Ohio*, 392 U.S. 1 (1968)). To determine whether reasonable suspicion exi[s]ts, the court must look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." *Id.* at 1306 (internal quotation marks and citations omitted). *See also United States v. Strickland*, 902 F.3d 937, 940 (11th Cir. 1990) ("Alternatively, a police officer may stop a vehicle 'when there is probable cause to believe that a driver is violating any one of the multitude of applicable traffic and equipment regulations' relating to the operation of motor vehicles.") (quoting *Delaware v. Prouse*, 440 U.S. 648, 661 (1979) (internal quotation marks and alterations omitted)).

Taking the allegations in Plaintiff's Amended Complaint as true, together with the absence of any assertion or argument by Defendants indicating otherwise, Plaintiff states a claim that Defendants did not have a basis to initially stop his vehicle—as driving without a valid license may not be readily apparent from Plaintiff's operation of his motor vehicle.  *Cf. Terrell v. Smith*, 668 F.3d 1244, 1252 (11th Cir. 2012) (officer "was plainly justified under Florida law in stopping . . . vehicle in order to write a traffic citation for driving at night without lit headlights"); *Hudson v. Hall*, 231 F.3d 1289, 1291-92 (11th Cir. 2000) (probable cause existed to stop vehicle for failing to use turn signal); *United States v. Glover*, 441 F. App'x 748, 751 (11th Cir. 2011) (probable cause existed to stop vehicle for driving without a tag).  Thus, Plaintiff states a claim under 42 U.S.C. § 1983 for a Fourth Amendment violation based on the initial stop of his vehicle, and the motion to dismiss on this basis is denied.  *See Ga. Carry Org., Inc. v. Kabler*, 580 F. App'x 695 (11th Cir. 2014) (analyzing claim under 42 U.S.C. § 1983 based solely on traffic stop); *Bingham*, 341 F.3d at 947 ("An unlawful traffic stop, however, is not such a *de minimis* violation.").

## ii.   Arrest of Plaintiff and post-arrest detention

"[T]he Constitution permits an officer to arrest a suspect without a warrant if there is probable cause to believe that the suspect has committed or is committing an offense."  *United States v. Lyons*, 403 F.3d 1248, 1253 (11th Cir. 2005) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979)).  "For probable cause to exist, both federal and Florida law say that an arrest must be objectively reasonable based on the totality of the circumstances."  *Id.* (citation omitted).  Under Florida law, it is a criminal offense to drive a motor vehicle without a license.  *See* Fla. Stat. § 322.34.  Plaintiff's Amended Complaint indicates that after Defendant Porterfield asked Plaintiff for his driver's license, Plaintiff indicated that he did not have one, which led to his

arrest. *See* ECF No. [48] at 2. Probable cause existed for this arrest based on Plaintiff's admission, and Plaintiff's Amended Complaint does not state a claim under 42 U.S.C. § 1983 for false arrest.

### iii. Post-arrest search of Plaintiff's pockets, wallet, and vehicle

"Under the Fourth and Fourteenth Amendments, an arresting officer may, without a warrant, search a person validly arrested." *Lyons*, 403 F.3d at 1253 (quoting *DeFillippo*, 443 U.S. at 35). "According to the Supreme Court in *Gant*, two situations permit officers to search a vehicle incident to arrest: (1) 'when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search'; or (2) 'when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" *United States v. Alston*, 598 F. App'x 730, 733 (11th Cir. 2015) (quoting *Arizona v. Gant*, 556 U.S. 332, 343 (2009)). "The Court indicated that where an occupant is arrested for a drug offense, *as opposed to a traffic offense*, 'the offense of arrest will supply a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein.'" *Id.* (quoting *Gant*, 556 U.S. at 344) (emphasis added). Here, taking the allegations in the Amended Complaint as true, the post-arrest search of Plaintiff's pockets and wallet constituted a search of his person, which is valid without a warrant.

The Amended Complaint's allegations regarding the search of Plaintiff's automobile, however, does not indicate the existence of reasonableness because (1) he was already arrested at the time of the search, and (2) the circumstances do not indicate the existence of any evidence relevant to the crime of his arrest—driving without a license. *See Gant*, 556 U.S. at 343 ("In many cases, as when a recent occupant is arrested for a traffic violation, there will be no

reasonable basis to believe the vehicle contains relevant evidence.").[2] *See also Alston*, 598 F. App'x at 734 ("the automobile exception authorizes a search of a vehicle if (1) the vehicle is readily mobile; and (2) the police have probable cause for the search.") (quoting *United States v. Lindsey*, 482 F.3d 1285, 1293 (11th Cir. 2007)).  The Amended Complaint does not indicate any existence of consent to these searches. As a result, Plaintiff's Amended Complaint states a claim under 42 U.S.C. § 1983 for the post-arrest search of his automobile, even if Plaintiff did not suffer any actual damage from the constitutional violation.  *See Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (discussing "plaintiff's entitlement to recover at least nominal damages under § 1983"); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) ("Nominal damages are available for Fourth Amendment violations.").

### iv.  The "taking" of Plaintiff's vehicle

Plaintiff alleges that '[t]he seizure and conversion" of his "private automobile without probable cause and without a warrant and turning it over to a third party constituted a taking within the meaning of the Fourth Amendment and deprived [Plaintiff] of his liberty.  This seizure and deprivation of liberty were unreasonable and without due process of law." ECF No. [48] at 3.  To the extent Plaintiff challenges Defendants' acts to impound Plaintiff's car, he does not state a claim under 42 U.S.C. § 1983 because he admitted to the officer he was driving without a license.  *See* Fla. Stat. § 332.34(8).  *See, e.g.*, *Lambert v. Crist*, No. 8:06-cv-598-T-30-TBM, 2006 WL 2375053, at *4 (M.D. Fla. Aug. 16, 2006).

To the extent Plaintiff alleges an unconstitutional deprivation of his property as an unconstitutional "taking" under the Fifth Amendment, the Amended Complaint does not state a claim. Even assuming *arguendo* Plaintiff could bring a claim against Defendants individually

---

[2]  The Court notes that Defendants' response merely recites the standards of claims of unlawful searches and seizures under 42 U.S.C. § 1983 and does not contain any substantive arguments regarding Plaintiff's claims.

under the Takings Clause of the Fifth Amendment, the Amended Complaint does not allege that the vehicle was taken "for public use." U.S. Const. amend. V. The Amended Complaint does not make it clear whether his vehicle was returned to him or if it was disposed of while he was dispossessed of the vehicle. *See, e.g.*, *Bennis v. Michigan*, 516 U.S. 442, 452 (1996) ("The government may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain."). Even assuming *arguendo* that the Amended Complaint did sufficiently contain these allegations, Plaintiff has not alleged "either that the state law provides him no process for obtaining just compensation . . . or that the state law appears to provide such process, but due to state court interpretation, the process in inadequate." *Agripost, Inc. v. Miami-Dade County, ex rel. Manager*, 195 F.3d 1225, 1231 (11th Cir. 1999). As such, this claim is not ripe and the Court does not have jurisdiction to hear it. *See id.*

### v. Remaining claims

As for Plaintiff's claims regarding his wrongful continued detention, denials of access to a telephone to call an attorney and the claims regarding the conditions of his confinement, Plaintiff's Amended Complaint does not contain allegations that Defendants are responsible. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."). *See also Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lindsey v. Storey*, 936 F.2d 554, 563 (11th Cir. 1991) (granting summary judgment in favor of defendant officer where plaintiff produced no evidence that officer "was responsible for his continued detention"). Thus, Plaintiff's Amended Complaint fails to state a claim under 42 U.S.C. § 1983 for these alleged violations of his constitutional rights.

### IV. Conclusion

For these reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss, **ECF No. [50] is GRANTED IN PART and DENIED IN PART**.

2. All claims in Plaintiff's Amended Complaint, **ECF No. [48]**—except for his claims under 42 U.S.C. § 1983 for Fourth Amendment violations based on the initial stop of his vehicle and for the post-arrest search of his vehicle—are **DISMISSED**.

3. The parties shall continue to abide by the Court's Scheduling Order, ECF No. [51].

**DONE AND ORDERED** in Ft. Lauderdale, Florida, this 14th day of May, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Keith Desmond Porter, *Pro Se*
PO Box 15031
Fort Lauderdale, FL 33318