UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-61800-CIV-BLOOM/VALLE

**KEITH DESMOND PORTER**,

    Plaintiff,

v.

**MATTHEW PORTERFIELD**, and
**JENNIFER BALDWIN**,

    Defendants.
_____/

## ORDER GRANTING SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendants' Motion for Summary Judgment, ECF No. [81], filed on June 22, 2015. The Court is fully advised after careful review of the Motion, the parties' briefs, the record, and the applicable law.

### I.  Background

On July 11, 2013, Plaintiff was driving his vehicle when Defendants stopped him, arrested him, and had his vehicle towed. Plaintiff, proceeding *pro se*, filed an Amended Complaint on February 23, 2015, pursuing an action under 42 U.S.C. § 1983, alleging violations of "rights guaranteed him under the Fourth, Fifth, Seventh, Ninth, Thirteenth, and Fourteenth Amendments to the United States Constitution." ECF No. [48] at 1.

Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), ECF No. [50], which the Court granted in part, and denied in part. The Court found that, taking the allegations of Plaintiff's Amended Complaint as true, Plaintiff's claim amounted to a constitutional challenge to Florida law requiring a license to drive a motor vehicle. Nevertheless, Plaintiff stated a claim for a Fourth Amendment violation because, as alleged, Defendants did not have a basis to initially stop his vehicle. Moreover, Plaintiff stated a claim for another Fourth Amendment

violation for the post-arrest search of his automobile because, as alleged, he was already arrested at the time of the search, and the circumstances did not indicate the existence of any evidence relevant to the crime of his arrest—driving without a license. *See* ECF No. [72] at 7-8. All other claims were dismissed. *See id.* at 11.

In support of its Motion for Summary Judgment, Defendants have submitted an affidavit of Defendant Matthew Porterfield, which states that while conducting patrol on July 11, 2013, he noticed that Plaintiff's vehicle "had what appeared to be a non-state issued license plate with only the words "Private not for Hire," which did not display the name of the state in which it was registered, and which was not consistent with other license plate types known to me through my years of law enforcement experience." ECF No. [82-3] at 3. The affidavit further provides that "[i]n order to investigate the legality of the license plate affixed to the beige Lexus, a traffic stop was conducted by me and Officer Baldwin." *Id.*

The affidavit states that "Mr. Porter's vehicle was not 'searched,' but per FLPD policy, a routine post-arrest inventory of the contents of the vehicle was conducted prior to towing, which revealed miscellaneous paperwork, a Bible, glasses, umbrella, razors, belt, printed jumper cables, and keys." *Id.* at 4. Also in the record is the affidavit of Defendant Jennifer Baldwin (who due to marriage, is now Jennifer Saint Jean), which provides the same information. *See* ECF No. [83-1]. Defendants have also submitted Fort Lauderdale Police Department's Policy Number 124.0, which provides the department's policy of conducting inventory's vehicles "which are towed as a result of an accident, abandonment, seizure, incident to arrest, or otherwise detained in storage, and not in possession of the owner." ECF No. [82-3] at 13. Plaintiff, without any factual assertions or submissions of his own, indicates he has a blanket objection to Defendant Jennifer Baldwin's affidavit. *See* ECF No. [85] at 1.

## II.     Legal Standard

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citation to the record, including inter alia, depositions, documents, affidavits, or declarations. Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id*. (quoting *Anderson*, 477 U.S. at 247-48). The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Further, the Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (*quoting Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once this burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id*. (quoting *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. Even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

### III. Discussion

Defendants argue that summary judgment is warranted for three reasons. First, regarding Plaintiff's claim based on the initial stop of his vehicle, Defendants argue that no genuine issue of material fact exists that Defendants had reasonable suspicion and probable cause to stop Plaintiff and his vehicle. Second, regarding Plaintiff's claim based on the search of his vehicle, Defendants argue that no genuine issue of material fact exists that Defendants' post-arrest and pre-towing inventory of Plaintiff's vehicle was lawful and not a violation of the Fourth Amendment. Finally, Defendants argue that, alternatively, they are each entitled to qualified immunity. Plaintiff's response amounts to a constitutional challenge to Florida law requiring a license to drive a motor vehicle and charging for vehicle registration.

#### a. Plaintiff's claim based on the initial stop of his vehicle

Defendants argue summary judgment is warranted on Plaintiff's claim based on the initial stop of his vehicle because it is undisputed that Plaintiff "had affixed to his vehicle a non-government issued plate with the words "Private Not for Hire," and "KDOTFP," which is in direct violation of § 316.605(1), Fla. Stat., and thereby provided [Defendants] probable cause to

conduct a traffic stop of [Plaintiff]'s vehicle." ECF No. [81] at 6 (citing cases). The Court agrees.[1]

"It is well-settled law that if a police officer pulls over a motorist without reasonable suspicion to do so, that action violates the Fourth Amendment." *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 947 (9th Cir. 2003). "The Supreme Court has instructed that an officer may conduct a brief, warrantless, investigatory stop of an individual when the officer has a reasonable, articulable suspicion that criminal activity is afoot, without violating the Fourth Amendment." *United States v. Hunter*, 291 F.3d 1302, 1305-06 (11th Cir. 2002) (citing *Terry v. Ohio*, 392 U.S. 1 (1968)). To determine whether reasonable suspicion exi[s]ts, the court must look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." *Id.* at 1306 (internal quotation marks and citations omitted). *See also United States v. Strickland*, 902 F.3d 937, 940 (11th Cir. 1990) ("Alternatively, a police officer may stop a vehicle 'when there is probable cause to believe that a driver is violating any one of the multitude of applicable traffic and equipment regulations' relating to the operation of motor vehicles.") (quoting *Delaware v. Prouse*, 440 U.S. 648, 661 (1979) (internal quotation marks and alterations omitted)).

Under Florida law:

> Every vehicle, at all times while driven, stopped, or parked upon any highways, roads, or streets of this state, shall be licensed in the name of the owner thereof in accordance with the laws of this state and shall . . . display the license plate . . . to be securely fastened to the vehicle outside the main body of the vehicle. . .

---

[1] The Court declines to credit Plaintiff's self-serving blanket denial for purposes of determining summary judgment, because, by doing otherwise, courts would permit plaintiffs to always survive summary judgment "by uttering a few magic words in their summary judgment filings." *Carter v. Univ. of S. Ala. Children's & Women's Hosp.*, 510 F. Supp. 2d 596, 604 n.15 (S.D. Ala. 2007) (discussing blanket denials by defendants). *See Shiver*, 549 F.3d at 1343. *See also Foy v. Pat Donalson Agency*, 946 F. Supp. 2d 1250, 1266 (N.D. Ala. 2013) ("The court should not disregard self-serving statements *made in sworn testimony* simply because they are self-serving at the summary judgment stage, and if the self-serving statements create a genuine issue of material fact, the court should deny summary judgment on that basis.") (citing *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013) (emphasis added)).

> Nothing shall be placed upon the face of a Florida plate except as permitted by law or by rule or regulation of a governmental agency. No license plates other than those furnished by the state shall be used. However, if the vehicle is not required to be licensed in this state, the license plates on such vehicle issued by another state, by a territory, possession, or district o the United States, or by a foreign country, substantially complying with a the provisions hereof, shall be considered as complying with this chapter. A violation of this subsection is a noncriminal traffic infraction, punishable as a nonmoving violation as provided in chapter 318.

Fla. Stat. § 316.605(1). Here, the record provides no genuine issue of material fact, even taking all reasonable inferences in the light most favorable to Plaintiff, that Defendants observed Plaintiff's vehicle with a license plate that did not appear to be a license plate that complied with Fla. Stat. § 316.605(1), and stopped his vehicle. Because this does not constitute a violation of Plaintiff's Fourth Amendment rights, *see United States v.* Boyd, 388 F. App'x 943, 947 (11th Cir. 2010) (holding that traffic stop based on violation of Fla. Stat. § 316.605(1) was not unreasonable under Fourth Amendment even if officer "may have had other reasons for stopping the [vehicle]"), Defendants are entitled to judgment as a matter of law in their favor on Plaintiff's claim based on the initial stop of his vehicle.

### b. Plaintiff's claim based on the post-arrest search of his vehicle

Defendants argue that summary judgment is warranted on Plaintiff's claim based on the post-arrest search of his vehicle because it was "a routine post-arrest and pre-towing inventory." ECF No. [81] at 9 (citing *United States v. Kalu*, 485 F. App'x 366 (11th Cir. 2012)). The Court agrees.

"Under the Fourth and Fourteenth Amendments, an arresting officer may, without a warrant, search a person validly arrested." *Lyons*, 403 F.3d at 1253 (quoting *DeFillippo*, 443 U.S. at 35). "According to the Supreme Court in *Gant*, two situations permit officers to search a vehicle incident to arrest: (1) 'when the arrestee is unsecured and within reaching distance of the

6

passenger compartment at the time of the search'; or (2) 'when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" *United States v. Alston*, 598 F. App'x 730, 733 (11th Cir. 2015) (quoting *Arizona v. Gant*, 556 U.S. 332, 343 (2009)). "The Court indicated that where an occupant is arrested for a drug offense, *as opposed to a traffic offense*, 'the offense of arrest will supply a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein.'" *Id.* (quoting *Gant*, 556 U.S. at 344) (emphasis added).

"Another exception to the warrant requirement is an inventory search of a legally impounded vehicle that is conducted pursuant to an established procedure." *Kalu*, 485 F. App'x at 369 (citing *South Dakota v. Opperman*, 428 U.S. 364, 372-76 (1976)). "An inventory search permits a thorough search of property lawfully in police custody, as long as that search is consistent with the police caretaking function." *Id.* (citing *United States v. O'Bryant*, 775 F.2d 1528, 1534 (11th Cir. 1985)). "To show that an inventory search is lawful, the government must establish, first, that the officers had the authority to impound the defendant's vehicle, and second, that the officers complied with departmental policy in conducting the search." *Id.* (citing *United States v. Williams*, 936 F.2d 1243, 1248 (11th Cir. 1991)). "[W]here law enforcement provides uncontroverted testimony that an inventory search 'was routine and required, that is, the search was performed as a matter of course when a vehicle was impounded and the investigating officer was not at liberty to decline to inventory the contents,' . . . the evidence is sufficient to show that an inventory search was properly executed." *Id.* (quoting *United States v. Khoury*, 901 F.2d 948, 958 (11th Cir. 1990)).

Here, there is uncontroverted testimony by both officers that the search of Plaintiff's vehicle was an inventory search that was routine and required, as a consequence of Plaintiff's

7

vehicle not capable of being "driven, stopped, or parked upon any highways, roads, or streets." Fla. Stat. § 316.605(1). Even taking all reasonable inferences from the record in the light most favorable to Plaintiff, the Court finds that there is no genuine issue of material fact regarding the search of Plaintiff's vehicle. Defendants are entitled to summary judgment on this claim.

### c. Plaintiff's constitutional challenges

In granting summary judgment in favor of Defendants, the Court need not decide Plaintiff's constitutional challenges to Florida law regarding licensing and registration. Even if the Court were to agree with Plaintiff's facially deficient constitutional challenges, Plaintiff could not show that such a ruling constituted "clearly established" law at the time Defendants stopped and arrested him, which is required to overcome Defendants' claim of qualified immunity. *See McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009) ("qualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known") (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1193-94 (11th Cir. 2002)). *See also Pearson v. Callahan*, 555 U.S. 223, 227 (2009) ("not clearly established at the time of the search that their conduct was unconstitutional").

### IV. Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Summary Judgment, **ECF No. [81]**, is **GRANTED**.
2. Pursuant to Fed. R. Civ. P. 58, the Court will enter a separate Order of Final Judgment.

CASE NO. 14-61800-CIV-BLOOM/VALLE

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of July, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Keith Desmond Porter, *Pro Se*
PO Box 15031
Fort Lauderdale, FL 33318